551 S.E.2d 37

James B. JONES, Eugene K. Jones, Mary Lou Maynard, Bobby Lee Jones and Paul H. Jones, Plaintiffs Below, Appellants,

v.

Sidney L. JONES, Individually and as Co–Executor of the Estate of Ochel Jones, Deceased, and Kyle Jones, Individually and as Co–Executor of the Estate of Ochel Jones, Deceased Defendants Below, Appellees.

No. 28723.

Supreme Court of Appeals of West Virginia.

Submitted April 4, 2001.

Decided June 22, 2001.

---

Alvin E. Gurganus, II, Esq., Shott, Gurganus & Williamson, Bluefield, West Virginia, Attorney for Appellants.

Robert B. Allen, Esq., Phillip J. Combs, Esq., Allen, Guthrie & McHugh, Charleston, West Virginia and Wade T. Watson, Esq., Brumfield & Watson, Bluefield, West Virginia, Attorneys for Appellees.

PER CURIAM:

This is an appeal by James B. Jones, Eugene Jones, Mary Lou Maynard, Bobby Lee Jones and Paul H. Jones from a summary judgment entered by the Circuit Court of McDowell County in an action involving the estate of their mother, Ochel Jones. On appeal, the appellants claim that there were material questions of fact to be tried at the time the circuit court entered summary judgment, and that under the circumstances, summary judgment was improper.

## I.

### FACTS

The parties in this proceeding are all children of Bernie Jones, who was in the grocery business, and who accumulated a sizeable estate during his lifetime. On his death, he left his wife, Ochel Jones, who was the parties' mother, an estate valued at over $2 million. Shortly after the death of Bernie Jones, Ochel Jones executed a will in which she divided her estate equally among her children.

The evidence shows after Ochel Jones executed this will, her sons, Sydney and Kyle, who are the appellees in the present proceeding, were especially attentive to her and assisted her with her affairs. It also appears that in 1989, shortly before her death, Ochel Jones decided to transfer her interest in two grocery stores, known as "Jones & Spry Nos. 4 and 5," to Sydney and Kyle. To accomplish this, she transferred certain stock and associated real estate to them and loaned them for $236,000. She also executed the new will in which she forgave any indebtedness outstanding at the time of her death owed by her sons Sydney and Kyle. The rest of her estate she divided among her children, including Sydney and Kyle.[1] Finally, she included in the will an *in terrorem* clause which, in effect, provided that if any beneficiary challenged the will, that beneficiary's interest under the will was forfeited.

Shortly after executing the new will, Ochel Jones went to Florida where she suffered a stroke and died on February 25, 1990. Following her death, her will was admitted to probate before the McDowell County Commission on March 27, 1990, and Sydney and Kyle qualified as co-executors of her estate. No beneficiary under the will challenged the probate of the will at that time or challenged the appointment of Sydney and Kyle as co-executors.

Approximately a year later, in February 1991, after the initial administration of the estate had been completed, Sydney and Kyle prepared to make distributions of property and money to the beneficiaries under the will. Before the distributions were made, the attorney for the estate expressly informed the beneficiaries, in writing, that by cashing distribution checks they might waive any right to challenge the will. Subsequently, distribution checks were sent to the beneficiaries, and certain beneficiaries, who elected to receive specific items of property in lieu of a portion of their cash entitlement, were given the property which they had elected to take. Each beneficiary cashed the distribution check which he or she received, and all who elected to receive specific property accepted that specific property. Collectively, more than half a million dollars in assets were distributed from the estate.

After they received their distributions, the appellants, James B. Jones, Eugene K. Jones, Mary Lou Maynard, Bobby Lee Jones and Paul H. Jones, on November 11, 1991, more than 18 months after the will was admitted to probate, instituted the present action. In their complaint and amended complaint, they alleged that Sydney Jones and Kyle Jones had used undue influence to induce Ochel Jones to make her last will in December 1989. They also claimed that Sydney and Kyle Jones had tortiously interfered with their expectancy interests (in the store properties), that they had fraudulently acquired the stores and associated real estate (the store properties), that they had tortiously converted assets of the estate, and that they had breached their fiduciary duties. The appellants also sought an accounting of the business activities of the store properties. The central focus of all their claims was the transaction which resulted in the transfer of the Jones & Spry Nos. 4 and 5 assets to Sydney and Kyle, and the execution of the will which forgave the indebtedness which arose out of the transfer of the assets.[2]

---

1. It appears that, and the appellants in their brief acknowledge, that the transfer of the stock and associated real estate and the execution of the new will were, in effect, part of a single overall transaction.

2. The specific demands of the appellants in their complaint, covering all the allegations are:
   WHEREFORE, your plaintiffs respectfully pray as follows:
   1. That the defendants, Sydney L. Jones and Kyle Jones, be removed as co-executors of the estate of Ochel Jones;

After considerable development, the case was tried before a jury, but at the conclusion of the trial, the circuit court ordered a new trial on August 17, 1995. As the case was being developed for retrial, Sydney and Kyle Jones moved for summary judgment on the ground that the appellants were estopped from bringing their action by virtue of the fact that they had accepted substantial distributions from the estate. The circuit court of McDowell County took the motion under consideration, and on May 30, 2000, granted summary judgment. The circuit court made a number of findings, including findings that the appellants had accepted substantial payments of bequests under the will, that they had never offered to return any of the benefits received to the estate, and that they accepted the benefits with full knowledge that the legal effect of accepting the benefits was that they were barred from the bringing of their action.

In the present proceeding, the appellants claim that the circuit court erred in holding that they were estopped to challenge the validity of the will and they also argue that there were material issues of fact in the case at the time the court entered summary judgment, and that under the circumstances, summary judgment was improper.

## II.

### STANDARD OF REVIEW

■ This Court has indicated that a circuit court's entry of summary judgment is reviewed *de novo*. *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). The Court has also stated that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

## III.

### DISCUSSION

This Court has stated that: "The general rule with regard to acceptance of benefits under a will is that a beneficiary who accepts such benefits is bound to accept the whole contents of that will and is estopped to challenge its validity." *Tennant v. Satterfield*, 158 W.Va. 917, 921, 216 S.E.2d 229, 231-2 (1975); *see also, Moore v. Harper*, 27 W.Va. 362 (1886). This rule, which is sometimes referred to as the "doctrine of election," is the law in at least 34 other jurisdictions. *See* Randy R. Koenders, Annotation, *Estoppel to Contest Will or Attack its Validity by Acceptance of Benefits Thereunder*, 78 A.L.R.4th 90, 101–04 (1990).

■ Although there are exceptions to this rule, those exceptions require that a beneficiary either initially refuse to engage in an

2. That the instrument heretofore filed as the alleged Last Will and Testament of Ochel Jones to probate be denied;

3. That the said instrument heretofore filed, purported to be the Last Will and Testament of Ochel Jones, deceased, be declared not to be the Last Will and Testament of Ochel Jones, deceased;

4. That the sale documents and deeds referred to herein which were executed on or about December 30, 1989 be declared null and void;

5. That the defendants account for all business activities, including gross sales and profits of Jones & Spry Nos. 4 and 5 since the death of Bernie Jones;

6. Dissolution of the corporate entity which became owner of the assets and real estate of Jones & Spry Nos. 4 and 5 on or about December 30, 1989;

7. That any legal title acquired by the defendants under the Last Will and Testament of Ochel Jones be held by them in trust for these plaintiffs;

8. That the defendants be restrained and enjoined from making any disposition of said property, or any part thereof, to any person or persons other than the plaintiffs;

9. That the *in terrorem* clause in the Will be declared and adjudged void as against public policy;

10. That this court make an immediate determination that the defendants or their bond company to be personally responsible for their attorneys fees and costs associated with their defense of this action, if any, and that the estate not be assessed their fees and costs.

11. That the plaintiffs demand judgment against the defendants in the amount of One Million Dollars ($1,000,000.00) in actual damages, and Five Million Dollars ($5,000,000.00) in punitive damages;

12. That the plaintiffs be awarded their attorneys' fees and costs of this action.

act which consummates acceptance or return the property accepted prior to bringing an action challenging the will.[3]

In the present case, the undisputed evidence shows that before the appellants instituted their action, assets from the estate of Ochel Jones were transmitted to each of the appellants and that each of the appellants accepted the assets which were transmitted. For instance, Mary Lou Maynard accepted Ochel Jones' house, a $5,000 advance, and jewelry valued at over $5,000. She also accepted and cashed a check for $27,947.46. Bobby Jones accepted and cashed a check for $108,250, and he participated in the distribution of certain items of Ochel Jones' personal property. Paul H. Jones accepted various shares of stock and cashed a check for $110,000. James B. Jones received and accepted Ochel Jones' motor home, certain loans receivable, and cashed a check for $66,861.10. Eugene K. Jones accepted Ochel Jones' house in Florida, with all of its contents, a promissory note worth $2,000, and a check for $53,479.51 which he cashed. The evidence also shows that at no point did any of the appellants ever offer to return, or attempt to return, any of the property which they received from the estate.

This Court believes that this case clearly falls within the "doctrine of election" and that the trial court properly concluded that the appellants, by accepting benefits under the will of Ochel Jones, and by failing to return those benefits prior to bringing their action, were estopped from challenging the will.

The Court notes that the appellants make various arguments as to why they should not be deemed to be estopped from challenging the will. For instance, they claim that they did not have full knowledge of what had occurred with the estate, and that conse-

quently, they should not be estopped from challenging the will. While they may not have had full knowledge of the facts at the time every event occurred, by the time they brought their action, they were fully aware that Ochel Jones had sold the two grocery stores, and that under her will, she had forgiven the debt obligation arising out of the sale. In fact, in their brief, the appellants state: "Moreover, the Plaintiffs [the appellants] made it known to the Defendants [Sydney and Kyle] from the time the will was read that they contested the circumstances under which the will was drafted and the sale of the stores was conducted." Further, it appears that the principal evidence which they proposed to introduce to show that Kyle and Sydney had used undue influence or had engaged in improper conduct to procure the execution of the will was their own testimony relating to their own observations of the behavior of Sydney and Kyle toward their mother—and these observations were made before the death of their mother and before they accepted benefits under the will. Finally, they potentially could have resurrected their claims by returning the benefits received under the will before bringing their action. They, nonetheless, elected to accept and retain the benefits, even after they had been warned, in writing, by the attorney for the estate that acceptance of benefits could potentially bar any action which they might elect to bring.[4]

Lastly, the Court notes that the appellants claim that their acceptance of benefits under the will should not bar their claims for tortious interference with their expectancy interests, conversion and so forth.

In Syllabus Point 1 of *Tolley v. Poteet*, 62 W.Va. 231, 57 S.E. 811 (1907), this Court reiterated a rule long-established in West Virginia, as well as in Virginia and England.

3. In *Tennant v. Satterfield, supra*, the Court indicated that the fact that a beneficiary received a distribution check, but did not cash it, could not be considered an "acceptance" and did not estop the beneficiary from challenging the will. Further, the Court cited, with approval, cases from other jurisdictions which have held that no estoppel occurs where a beneficiary was unaware of factors which later gave rise to a will contest when he returned property accepted after learning of the factors, but before he brought his contest.

4. The Court notes that one of the appellants endorsed his check with the notation "deposit only under protest." Courts which have addressed the "under protest" situation have said that merely expressing a protest, without returning benefits, does not prevent estoppel from arising. Randy R. Koenders, Annotation, *Estoppel to Contest Will or Attack its Validity by Acceptance of Benefits Thereunder*, 78 A.L.R.4th 90, 134 (1990).

That Syllabus Point states that: "One entitled to any benefit under a will or other instrument must, if he claims that benefit, abandon every right and interest the assertion of which would defeat even partially any of the provisions of that instrument." *See also, Rau v. Krepps,* 101 W.Va. 344, 133 S.E. 508 (1926); *Upshaw v. Upshaw,* 2 Hening & Munford 381, 2 Va. 461 (1808); and *Streatfield v. Streatfield,* 23 Eng. Reprints 724 (1736).

■ An examination of these authorities indicates that a plaintiff estopped from challenging a benefit conferred upon a defendant under a document is also precluded from challenging or raising an outside transaction which might upset the benefit conferred under the document.

■ In the present case, the Court notes that the benefit received by Sydney and Kyle Jones, which the appellants are challenging, is the transfer of the store properties and forgiveness of the indebtedness which arose out of the "sale" of the store properties. Under the authorities cited, the Court believes the appellants are precluded from challenging not only the will provision forgiving the indebtedness, but also any part or aspect of the transaction which gave rise to that indebtedness.

Given the evidence presented, this Court believes the circuit court properly found that there was no question of material fact that the appellants did in fact accept distributions under the will and failed to return those distributions prior to bringing the present action. In light of this, the trial court properly concluded that the appellants were estopped from bringing their action.[5]

For the reasons stated, the judgment of the Circuit Court of McDowell County is affirmed.

Affirmed.

---

5. The Court notes that the circuit court did not invoke the *in terrorem* clause in the will to deprive the appellants of the benefits which they have already received under the will. The court, in fact, stated that: "It is the intent of the Court to permit Defendants to proceed with the orderly settlement of the Estate ...." While it appears that certain issues relating to the *in terrorem* clause might not be barred by the acceptance of benefits, since the clause was not used to the detriment of the appellants, the Court believes that it is unnecessary to examine those issues.